UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:22-CR-00011-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ANDREW SIMMONS III (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Reduction of Sentence filed by defendant Andrew Simmons, pursuant to 18 U.S.C. § 3582(c)(2) and "U.S.S.G. Amendment 2D1.1(A)(5)." Doc. 59. The applicable statute provides that the court may reduce a term of imprisonment, after consideration of the factors set forth in 18 U.S.C. § 3553(a), for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Defendant maintains that the cited amendment reduced the base level for offenses like his, involving methamphetamine, by four points. But the court has reviewed the amendments adopted by the Sentencing Commission in November 2025 and finds no changes based on the involvement of methamphetamines. *See* U.S. Sentencing Commission, Adopted Amendments (effective Nov. 1, 2025), *available at* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2025. The only change to § 2D1.1(a)(5) relates to the mitigating role adjustment under § 3B1.2, which was not cited in the calculation of defendant's guideline range. *See* doc. 43. Additionally, the defendant previously filed for a sentence reduction under Amendment 821. Doc. 53. The court denied

his motion. Doc. 57. The undersigned finds no basis for revisiting that conclusion. Accordingly, **IT IS ORDERED** that the Motion for Reduction of Sentence [doc. 59] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 8th day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**